UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM RAY WRIGHT,

                    Petitioner,                    Case No. 2:14-cv-14167
                                                   Hon. Denise Page Hood

v.

STEVE RIVARD,

                    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING [DKT. 3], AND APPLICATION/REQUEST FOR APPOINTMENT OF COUNSEL [DKT. 4]

On October 29, 2014, Petitioner William Ray Wright, a state inmate, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Pending before the Court are Petitioner's motion for an evidentiary hearing and for appointment of counsel. For the reasons set forth below, the Court will deny the motions without prejudice.

Petitioner's motions request an evidentiary hearing on his ineffective assistance of counsel claim and appointment of counsel to assist him.

With respect to Petitioner motion for an evidentiary hearing, in *Cullen v. Pinholster*, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011), the Supreme Court held that where habeas claims had been decided on their merits in state court, a federal court's

review under 28 U.S.C. section 2254(d)(1)—whether the state court determination was contrary to or an unreasonable application of established federal law—must be confined to the record that was before the state court. 131 S. Ct. at 1398.  The *Pinholster* Court specifically found that the District Court should not have held an evidentiary hearing regarding Pinholster's claims until after the Court determined that the petition survived review under Section 2254(d)(1). *Id*., at 1398. Therefore, the Court will deny without prejudice Petitioner's motion for an evidentiary hearing. The Court will reconsider the request if it Court determines that some or all of Petitioner's claims survive review under Section 2254(d)(1) without the need for an additional motion.

With respect to Petitioner's request for the appointment of counsel, the constitutional right to counsel in criminal proceedings provided by the Sixth Amendment does not apply to an application for writ of habeas corpus, which is a civil proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003), reh. denied, 539 U.S. 970 (2003).  The Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this

-2-

case, after the Court has carefully reviewed the pleadings and state court record, if the Court determines that appointment of counsel is necessary, then it will do so at that time.

Petitioner need not file any further motions regarding these issues.

Accordingly, **IT IS ORDERED** that Petitioner's motion for an evidentiary hearing [dkt. 3] and application/request for appointment of counsel [dkt. 4] are **DENIED WITHOUT PREJUDICE**.


/s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated:  December 19, 2014


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 19, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda for LaShawn Saulsberry
Case Manager