UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM RAY WRIGHT,

      Petitioner,    Case No. 2:14-cv-14167
               Hon. Denise Page Hood

STEVEN RIVARD,

      Respondent.
_____/

**OPINION AND ORDER 1) DENYING PETITION FOR A WRIT OF HABEAS CORPUS, 2) DENYING A CERTIFICATE OF APPEALABILITY, AND 3) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

  This matter is before the Court on Petitioner William Wright's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. Petitioner was convicted in the Kalamazoo Circuit Court after he pled guilty to assault intent to commit murder, MICH. COMP. LAWS § 750.83, third-degree fleeing and eluding an officer, MICH. COMP. LAWS § 750.479(3), and one count of possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. He was sentenced as a third-time habitual felony offender to 30-to-75 years for the assault conviction, 78-to-120 months for the fleeing and eluding conviction, and a consecutive 2-years for the firearm conviction.

  The petition raises four claims: 1) Petitioner's guilty plea was not adequately supported by a factual basis, 2) Petitioner's guilty plea was not

knowing and voluntary, 3) the trial court incorrectly scored the sentencing guidelines, and 4) Petitioner was denied the effective assistance of counsel.

The Court finds that Petitioner's claims are without merit. Therefore, the petition will be denied. The Court will also deny Petitioner a certificate of appealability, but it will grant him permission to proceed on appeal in forma pauperis.

## I. Facts and Procedural History

The case against Petitioner concerned a police traffic stop at which he fired a handgun twice at a police officer, and then sped away.

At Petitioner's plea hearing, the prosecutor indicated that the terms of the plea bargain called for Petitioner to plead guilty as a third time habitual felony offender to the three offenses indicated above, and that four other charges would be dismissed. The prosecutor also agreed to make a sentence recommendation of a 30-year minimum sentence on the assault charge, to be served consecutively with the 2-year sentence for the firearm charge. Defense counsel and Petitioner indicated their understanding of the agreement.

Petitioner denied that anyone had promised him anything else or that anyone had threatened him in any way to obtain the plea. He testified that it was his own choice to plead guilty.

The trial court then read the charges to Petitioner, including the

maximum sentences that could be imposed for each charge. Petitioner indicated his understanding of the nature of the charges and the maximum potential penalties.

The Court then advised Petitioner of all the trial rights he would be waiving by entering his plea. Petitioner indicated his agreement and then indicated his desire to plead guilty.

Petitioner then testified under oath that he was driving a car in Kalamazoo on January 6, 2012, when a patrol car pulled him over. He testified that he was armed with a handgun and fired it at one of the two officers with the intent to commit the crime of murder. Petitioner testified that he then sped away.

The trial court found that Petitioner entered his plea knowingly, understandingly, and voluntarily. Petitioner was subsequently sentenced as indicated above.

Petitioner then requested and was appointed appellate counsel who filed a motion to withdraw the plea. Petitioner asserted that during the plea colloquy, the trial court asked Petitioner if he shot at the officer with the intent to murder him, rather than with the specific intent to kill him, as required by state law. Petitioner asserted that he did not understand this element of the crime, and therefore his plea was not knowingly entered. Petitioner also

asserted that his counsel told him he would get a life sentence if he did not accept the plea agreement, and that his judgment was clouded by long-term methamphetamine use. The trial court ordered an evidentiary hearing.

On Jaunary 11, 2013, the trial court held a hearing on Petitioner's claims. Petitioner only called his trial attorney as a witness. She testified that she did not investigate or consider hiring an expert witness on the issue of whether Petitioner's methamphetamine use could have been used to support a defense regarding Petitioner's mental state at the time of the shooting. Counsel testified that she was aware of the mental state required to support a charge of assault with intent to commit murder. Counsel testified that she was aware that voluntary intoxication was a possible defense to the charge and that she discussed it with Petitioner. Defense counsel testified that she attempted to negotiate a more favorable sentencing agreement, but the prosecutor would not reduce the offer. Ultimately, she discussed the plea offer with Petitioner, and he decided to accept it.

The trial court entertained oral argument at a second hearing date, held on February 25, 2013, after which it denied Petitioner's motion. The Court found that defense counsel was not ineffective for recommending Petitioner accept the plea agreement instead of attempting to use Petitioner's drug use as a defense at trial. The Court also found that even if defense counsel had

done more research on the issue, there was no reasonable likelihood that Petitioner would not have pleaded guilty and instead gone to trial.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. The guilty plea is invalid because it is not supported by an adequate factual basis in violation of Defendant's constitutional rights to an accurate plea.
>
> II. The guilty plea is invalid because it was not knowing and voluntary, in violation of Defendant's state and federal constitutional rights.
>
> III. The trial court assess 25 points under OV 6 where this assessment did not reflect aggravating factors for the instant crime as compared to others in its class, and the plea bargain ostensibly based on these incorrect guidelines calculations; Defendant is entitled to resentencing as a matter of constitutional due process.
>
> IV. Petitioner was denied the effective assistance of counsel guaranteed by the federal and state constitutions.

The Michigan Court of Appeals denied Petitioner's delayed application "for lack of merit in the grounds presented." *People v. Wright*, No. 315286 (Mich. Ct. App. April 17, 2013). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application because it was "not persuaded that the questions presented should be reviewed by" it. *People v. Wright*, 838 N.W. 2d 559 (Mich. 2013) (table).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to

the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87 (internal quotation omitted).

To obtain relief under § 2254(d)(2), a petitioner must show an unreasonable determination of fact and that the resulting state court decision was "based on" that unreasonable determination. *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2012). However, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Analysis

**A. Factual Basis for Plea**

Petitioner's first claim asserts that the trial court did not elicit a sufficient factual basis for the guilty plea. Specifically, Petitioner faults the trial court for asking him whether he shot the officer with the intent to "murder" him rather than with the intent to "kill" him. Petitioner notes that the offense of assault with intent to murder requires a specific intent to kill rather than any of the lesser forms of malice sufficient to constitute murder. See *People v. Lipps*, 167 Mich. App. 99, 105-106 (1985). Respondent argues that whether Petitioner is correct or not about the adequacy of the factual basis, the claim cannot form the basis for granting habeas relief because there is no federal constitutional requirement for a factual basis to be placed on the record during a guilty plea hearing.

Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." MICH. CT. R. 6.302(D)(1). A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for

errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (internal quotation marks and citations omitted). Moreover, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010) (stating that "[t]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea" and affirming denial of habeas relief on similar claim).

    Petitioner's claim that the trial court failed to establish a sufficient factual basis to support his guilty plea therefore does not provide a basis for federal habeas relief because there is no federal constitutional requirement that a factual basis supporting a guilty plea be established, or that the defendant admit factual guilt, so long as the plea is intelligently and voluntarily made. As

such, Petitioner's challenge to the sufficiency of the factual basis of his plea is not cognizable on federal habeas review. The Court therefore determines that habeas relief is not warranted on this claim.

**B. Knowing and Voluntary Nature of Plea**

Petitioner next asserts that his plea was unknowing and involuntary because he did not understand that the assault charge required the prosecutor to prove that he specifically intended to kill the officer. Petitioner claims that he did not have that intent and would not have pled guilty if he knew of this requirement.

The only question on collateral review of a guilty plea is whether the plea was counseled and voluntary. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Bousley v. United States*, 523 U.S. 614, 618 (1998). A guilty plea is voluntary if the accused understands the nature of the charges against him and the constitutional protections that he is waiving. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). A plea is knowing and intelligent if it is done "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state-court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. *Id.* The petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* at 328. "Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid." *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich. 2001).

In this case, the record establishes that Petitioner knowingly and voluntarily pleaded guilty to the charges. Petitioner was advised of the maximum penalties of the crimes that he was pleading to, as well as the rights that he would be giving up by pleading guilty. The terms of the plea agreement were placed on the record. Petitioner acknowledged several times that he was pleading guilty freely and voluntarily and that no threats had been made to get him to plead guilty.

Petitioner's claim about his misunderstanding of the elements of assault with intent to commit murder is not well taken. During the plea colloquy the

trial court directed asked Petitioner if he intended to murder the officer, and Petitioner indicated that he did. Of course it is true the mental state required for murder includes ones other than a specific intent to kill.[1] Without saying so directly, Petitioner's argument is premised on the idea that he understood this nuance in substantive criminal law with respect to the elements for murder, but at the same time he did not know that the crime of assault with intent to murder required a specific intent to kill. Supreme Court law requires that a defendant understand the nature of the charges against him. *Henderson,* 426 U.S. at 645 n.13. It was not unreasonable for the trial court to determine that Petitioner understood the nature of the charges against when he admitted under oath that he intended to murder the victim. It is not unreasonable to conclude that Petitioner would have understood the phrase "intent to murder" in the colloquial sense–that it meant an intent to kill. Petitioner is not an attorney, and even if he was, it is beyond peradventure to believe that he knew of the subtleties of the mens rea requirement for the offense of murder but not for the offense of assault with intent to commit murder. Petitioner

---

[1]There are three mental states sufficient to support murder under Michigan law: 1) intent to kill, 2) intent to inflict great bodily harm, and 3) wanton and wilful disregard of the likelihood that the natural tendency of the act is to cause death or great bodily harm. *People v. Aaron*, 409 Mich. 672, 722 (1980).

simply has not shown that he somehow had knowledge of the alternative mens rea for murder but misunderstood the mens era for the assault with in intent to commit murder. The rejection of this claim by the state court and its finding that Petitioner knowingly and voluntarily entered his plea was not an unreasonable application of clearly established Supreme Court law.

**C. Sentencing Guidelines**

Petitioner's third claim asserts that his guidelines were improperly scored. Specifically, Petitioner claims that he was erroneously scored too many points for the offense variable dealing with a defendant's intent to kill the victim.

A state court's interpretation and application of state sentencing laws is a matter of state concern, *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Federal courts must "defer to a state's judgment on issues of state law" and "accept a state court's interpretation of its statutes." *Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001). Consequently, Petitioner's sentencing claim is not cognizable on federal habeas review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich.

2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Habeas relief is therefore not warranted on Petitioner's sentencing claim.

## D. Effective Assistance of Counsel

Petitioner's final claim asserts that he was denied the effective assistance of counsel prior to the entry of his plea. Specifically, Petitioner asserts that his counsel should have investigated the long term effects of methamphetamine use, which he says could have formed the basis for a voluntary intoxication defense or at least be used as a mitigating factor at sentencing.

An unconditional guilty plea constitutes a waiver of all pre-plea nonjurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Pre-plea claims of ineffective assistance of trial counsel are also considered nonjurisdictional defects that are waived by a guilty plea. See *United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001); see also *Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-734 (E.D. Mich. 2002) (habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's representation, and he did not

complain of counsel's advice concerning plea agreement). When Petitioner pleaded guilty, he waived any claim that his counsel's pre-plea investigation was ineffective. Therefore, the Court finds that Petitioner is not entitled to habeas relief on this claim.

## IV. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. Id. at 336-37.

The Court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the Court's assessment of his claims. The Court will, however, grant Petitioner permission to appeal *in forma pauperis*, because an appeal would not be frivolous.

### V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal *in forma pauperis* is **GRANTED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 28, 2015


I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2015, by electronic and/or ordinary mail.

S/LaShawn Saulsberry
Case Manager
